UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| HYDRAASSIST LLC,<br><br>Plaintiff,<br><br>vs.<br><br>RK PARTNERSHIP LLC; BIG FRIG, LLC,<br><br>Defendants. | 4:22-CV-04004-RAL<br><br>OPINION AND ORDER GRANTING DEFENDANT BIG FRIG, LLC'S MOTION TO DISMISS AND DEEMING PLAINTIFF TO HAVE FILED FOR LEAVE TO AMEND COMPLAINT |

Plaintiff HydraAssist LLC ("HydraAssist") filed a complaint against Defendants RK Partnership LLC and Big Frig, LLC ("Big Frig") alleging three counts of patent infringement. Doc. 1. Big Frig filed a motion to dismiss for failure to state a claim. Doc. 16. HydraAssist opposes Big Frig's motion to dismiss. Doc. 18. In the alternative, HydraAssist asks this Court for leave to file an amended complaint attached to its Response in Opposition to Motion to Dismiss. Doc. 18-3. The original complaint fails to plead adequate facts to state a claim for patent infringement but HydraAssist is granted leave to file its amended complaint.

I. Background

HydraAssist (d/b/a CattleVacBox) is a Minnesota limited liability company. Doc. 1 at ¶ 1. HydraAssist owns U.S. Patent No. 10,322,866 ("866 Patent"); U.S. Patent No. 10,807,786 ("786 Patent"); and U.S. Design Patent No. D836,859 ("859 Design Patent"). Doc. 1 at ¶ 2; Doc. 1-1; Doc. 1-2; Doc. 1-3. The 866 Patent and the 786 Patent are utility patents, and as the name connotes

1

the 859 Design Patent is a design patent. Doc. 18 at 2. All three patents pertain to thermally insulated livestock medication containers/coolers. Doc. 1-1; Doc. 1-2; Doc. 1-3.

HydraAssist alleges that Defendants RK Partnership LLC (d/b/a Cross Five Cattle Coolers) and Big Frig infringed on those patents by making, using, selling, and/or offering to sell thermally insulated livestock medication containers, "including the 3 Holster Ranch Hand Cross Vaccine Cooler, the 2 Holster Chute Side Cooler, and the 4 Holster Ranch Hand Vaccination Cooler (collectively 'the Accused Products')." Doc. 1 at ¶ 18. HydraAssist further alleges that Defendants, despite having actual knowledge of HydraAssist's patent rights, have "continued to make, use, sell, or offer to sell the Accused Products with complete disregard for Plaintiff's patent rights" and that Defendants knew or should have known that its actions infringed those patent rights. Doc. 1 at ¶¶ 19–21.

The complaint alleges that the Accused Products "infringe at least claims 1-5 and 15 of the 866 Patent, literally, directly or indirectly, or under the doctrine of equivalents." The complaint details this infringement by alleging, "upon information and belief," that the Accused Products include each of the limitations detailed by claims 1 through 5 and 15 of the 866 Patent. For example, Paragraph 30 of the complaint includes almost identical language to that in Claim 15 of the 866 Patent:

| Paragraph 30 | Claim 15 |
|---|---|
| Upon information and belief, the Accused Products provide a livestock medication container, comprising: a thermally insulated body having a plurality of upstanding sidewalls, a bottom wall interconnecting the plurality of upstanding sidewalls to define an interior cavity, and a top opening; a first lid segment and a second lid segment configured to provide a closure of a first | A livestock medication container, comprising: a thermally insulated body having a plurality of upstanding sidewalls, a bottom wall interconnecting the plurality of upstanding sidewalls to define an interior cavity, and a top opening; a first lid segment and a second lid segment configured to provide a closure of a first end and a second end of the top opening when placed in a closed |

2

| | |
|---|---|
| end and a second end of the top opening when placed in a closed position, each of the first lid segment and the second lid segment movably attached to at least one of the plurality of upstanding sidewalls; and one or more sleeves forming apertures extending through the second lid segment, wherein the one or more sleeves extend from an interior of the lid and are dimensioned to retain a dispensing end of a livestock medication delivery device in an upright orientation with a delivery tip of the livestock medication device received within the interior cavity. | position, each of the first lid segment and the second lid segment movably attached to at least one of the plurality of upstanding sidewalls; and one or more sleeves forming apertures extending through the second lid segment, wherein the one or more sleeves extend from an interior of the lid and are dimensioned to retain a dispensing end of a livestock medication delivery device in an upright orientation with a delivery tip of the livestock medication device received within the interior cavity. |

Doc. 1 at ¶ 30; Doc 1-1 at 15. Paragraphs 25 through 29 of the complaint similarly recite language from claims 1 through 5 of the 866 Patent. Doc. 1 at ¶¶ 25–29; Doc. 1-1 at 14–15.

HydraAssist takes this same approach to the 786 Patent. Doc. 1 at ¶¶ 34–44. The complaint alleges the Accused Products "infringe at least claims 1-3, 15, and 18 of the 786 Patent, literally, directly or indirectly, or under the doctrine of equivalents." Doc. 1 at ¶ 36. As it does with the 866 Patent, the complaint alleges the Accused Products include each of the limitations detailed by those claims of the 786 Patent with language that is nearly identical to the language of the patent itself. Doc. 1 at ¶¶ 37–41; Doc. 1-2 at 15.

Finally, HydraAssist further alleges that the offer and sale of at least some of the Accused Products "infringe[s] the design covered by the 859 Design Patent." Doc. 1 at ¶ 47. According to the complaint:

> Defendants have infringed and continue to infringe the '859 Design Patent because, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, at least some of the Accused Products incorporate substantially the same design covered by the '859 Design Patent, the resemblance being such as to deceive such an ordinary observer, inducing such an ordinary observer to purchase Defendants' product while supposing it to be Plaintiff's product.

Doc. 1 at ¶ 48.

3

The complaint includes a single picture of one of the Accused Products. Doc. 1 at ¶ 18 Fig. 1. Figure 1 of the complaint is a photo of the 3 Holster Ranch Hand Cross Vaccine Cooler. Id. The photo shows the cooler in a front facing position with the lid closed. Id. All three patents are attached to the complaint as exhibits. Doc. 1-1; Doc. 1-2; Doc 1-3.

Big Frig moved to dismiss under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). Doc. 16. Big Frig contends that HydraAssist has not plead "sufficient factual information from which it may be plausibly inferred that the accused products infringe on the Patents or the Design Patent." Doc. 17 at 1. In Big Frig's view, "HydraAssist's Complaint simply recites the purported claim elements and borrows language from section 271 of the Patent Act, without providing any factual information in support of its alleged infringement action." Id. at 2. HydraAssist contends "the Complaint is in no way deficient or insufficient to provide the level of notice required at this stage of litigation." Doc. 18 at 1.

In the alternative, HydraAssist requests leave to file an amended complaint if this Court grants Big Frig's motion. Id. The proposed amended complaint includes more photos and figures depicting how HydraAssist believes the Accused Products infringe on the three patents. Doc. 18-3. HydraAssist informs this Court that "Plaintiff's counsel reached out to Defendants' counsel and sent them a proposed amended complaint prior to filing the [Response in Opposition to Motion to Dismiss] in a good faith effort to address Defendants' concerns without protracted motion practice." Doc. 18 at 20. Big Frig's Reply Brief in Support of its Motion to Dismiss, Doc. 19, neither opposes the proposed amended complaint nor addresses whether Big Frig believes the proposed amended complaint to adequately plead claims.

**II. Legal Standard**

4

The Court of Appeals for the Federal Circuit provides controlling precedent on substantive legal issues when a plaintiff's complaint asserts a claim arising under federal patent law. See Schinzing v. Mid-States Stainless, Inc., 415 F.3d 807, 811 (8th Cir. 2005) (following Federal Circuit substantive precedent where plaintiff's complaint asserts claim arising under federal patent law). The applicable law of the Eighth Circuit controls on procedural issues raised by a motion to dismiss a patent infringement action. See Nalco Co. v. Chem-Mod, LLC, 883 F.3d 1337, 1346 (Fed. Cir. 2018) ("Because it raises a purely procedural issue, an appeal from an order granting a motion to dismiss for failure to state a claim upon which relief can be granted is reviewed under the applicable law of the regional circuit.") (citation omitted). HydraAssist and Big Frig seem to agree that the plausibility standard from Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) governs here, but they disagree about the level of factual detail that must be in the complaint to satisfy that standard in the patent context.[1]

---

[1] This Court has been unable to find any recent Eighth Circuit or Federal Circuit cases applying Eighth Circuit precedent on review of a motion to dismiss a patent infringement action. This is perhaps to be expected, considering that the Federal Rules only recently abrogated past guidance on pleading patent infringement claims. The District Court in Battle Sports Science, LLC v. Shock Doctor, Inc., 225 F. Supp. 3d 824, 834–35 (D. Neb. 2016), summarized the lack of guidance on this point:
> [U]ntil abrogated on December 1, 2015, Federal Rule of Civil Procedure 84 and Form 18, which set forth a sample complaint, provided guidance as to what was necessary to plead direct patent infringement under the Federal Rules. Although no circuit court has yet weighed in on what effect abrogation has on the proper pleading standards, it appears that most of the courts that have decided the issue have concluded the plausibility standard set forth in Twombly and Iqbal, applies to claims for direct patent infringement. This Court predicts the Eighth Circuit will likewise apply the plausibility standard.

(citations omitted and cleaned up). Given the lack of direct guidance from the Eighth Circuit on the pleading standards for direct patent infringement cases, this Court feels comfortable following the direction of the Federal Circuit Court of Appeals, even though many of the on-point decisions from that court draw from precedent outside the Eighth Circuit. See generally U.S. Water Servs., Inc. v. ChemTreat, Inc., 794 F.3d 966, 970 (8th Cir. 2015) ("In the realm of patent law, we rely on the Federal Circuit's precedent for

That said, on a Rule 12(b)(6) motion to dismiss for failure to state a claim, courts must accept a plaintiff's factual allegations as true and make all inferences in the plaintiff's favor but need not accept a plaintiff's legal conclusions. Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768–69 (8th Cir. 2012); Fed. R. Civ. P. 12(b). To survive a motion to dismiss for failure to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are unnecessary, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," id. at 678, "even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely,'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Still, "conclusory statements" and "naked assertion[s] devoid of further factual enhancement" do not satisfy the plausibility standard. Iqbal, 556 U.S. at 678 (alteration in original) (citation and internal marks omitted).

In a patent action, "a plaintiff need not prove its case at the pleading stage." Bot M8 LLC v. Sony Corp. of Am., 4 F.4th 1342, 1352 (Fed. Cir. 2021) (citations omitted and cleaned up); see also Ash v. Anderson Merchandisers, LLC, 799 F.3d 957, 961 (8th Cir. 2015) ("The pleading standard under Rule 12(b)(6) contemplates that plaintiffs will often be unable to prove definitively the elements of the claim before discovery, particularly in cases where the necessary information is within the control of the defendants."). In other words, "[a] plaintiff is

---

persuasive guidance."). There does not appear to be much regional variance on this point anyway.

not required to plead infringement on an element-by-element basis. Instead, it is enough that a complaint place the alleged infringer on notice of what activity . . . is being accused of infringement." Bot M8 LLC, 4 F.4th at 1352 (cleaned up and citations omitted). Whether allegations of patent infringement can survive a motion to dismiss for failure to state a claim "var[ies] depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." Id. at 1353. But "a plaintiff cannot assert a plausible claim for infringement under the Iqbal/Twombly standard by reciting the claim elements and merely concluding that the accused product has those elements." Id.

### III. Discussion

Under 35 U.S.C. § 271(a), "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." "A patentee can establish a claim of infringement either by showing literal infringement or by relying on the doctrine of equivalents." Liqui-Box Corp. v. Scholle IPN Corp., 449 F. Supp. 3d 790, 797 (N.D. Ill. 2020). "To establish literal infringement, every limitation set forth in a claim must be found in an accused product, exactly." Southwall Techs., Inc. v. Cardinal IG Co., 54 F.3d 1570, 1575 (Fed. Cir. 1995). Where a product "does not literally infringe upon the express terms of a patent claim," it "may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product . . . and the claimed elements of the patented invention." Nalco, 883 F.3d at 1354 (quoting Warner–Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 21 (1997)). HydraAssist alleges that the Accused Products "literally infringe each of the asserted claims," but "should the Defendants argue that one or more elements of any asserted claim are not literally found in one of

7

the accused products, Plaintiff submits that any such allegedly missing element would be met under the doctrine of equivalents." Doc. 18 at 14.

Courts have variously stated what level of detail is necessary to plead a plausible case of patent infringement. See Disc Disease Sols. Inc. v. VGH Sols., Inc., 888 F.3d 1256, 1260 (Fed. Cir. 2018) (plaintiffs allegations met plausibility standard where complaint specifically identified the accused products by name, attached photos of the product packaging as exhibits, and alleged accused products met elements of claim literally or equivalently.); Liqui-Box Corp. v. Scholle IPN Corp., 449 F. Supp. 3d 790, 798 (N.D. Ill. 2020) (noting "the pleading bar is not a high one"); Zipit Wireless, Inc. v. LG Elecs. U.S.A., Inc., No. 20-01494, 2022 WL 170864, at *4 (D.N.J. Jan. 18, 2022) (stating that a complaint "would sufficiently plead direct infringement where (1) it named the accused product; (2) in each count, it described the alleged infringement; and (3) identified how the accused product infringed on every element of at least one claim in each of the plaintiff's patents") (citations omitted and cleaned up); Horowitz v. Yishun Chen, No. 17-00432, 2018 WL 6219928, at *3 (C.D. Cal. May 14, 2018) ("At the very least, Defendants . . . need[] to include facts sufficient to allow a reasonable inference that each limitation of one of the asserted patent claims is performed."); see also Roberson v. Dakota Boys & Girls Ranch, 42 F.4th 924, 928 (8th Cir. 2022) (explaining that the "facts alleged must be enough to raise a right to relief above the speculative level") (citation omitted).

Although the standard to plead a patent infringement claim is not a high bar, the original complaint does not fairly put the Defendants on notice of how the Accused Products infringe the patents at issue. The original complaint describes HydraAssist's product and patents thoroughly but is very conclusory in its allegation of infringement. As even HydraAssist admits, its "technology is relatively simple," and in turn the Accused Products are relatively simple.

8

HydraAssist ought to better describe any alleged infringement. Indeed, HydraAssist's brief and proposed amended complaint do just that. At least one court has found that "photographs annotated with arrows showing which part of the [Accused Product] is described by the claim and corresponds to each claim limitation" go a long way towards providing a defendant with adequate notice. Liqui-Box Corp, 449 F. Supp. 3d at 798. The proposed amended complaint does this; the original complaint does not.

HydraAssist, perhaps recognizing the shortcoming in its original complaint, requested leave to file an amended complaint in its briefing. Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading . . . with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15. HydraAssist ostensibly asked for Big Frig's consent to amend its complaint, see Doc. 18 at 20, without receiving a response. HydraAssist should have filed a separate motion to amend attaching its proposed amended complaint, D.S.D. CIV LR 15.1, rather than making the request in briefing and attaching the proposed amended complaint to its brief. See Fed. R. Civ. P. 7(b) (stating that requests for court action must be made by filing a motion). Regardless, under Rule 15(a), "[t]he court should freely give leave [to amend the complaint] when justice so requires," Fed. R. Civ. P. 15., and "[a] decision whether to allow a party to amend [a] complaint is left to the sound discretion of the district court," Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008). See also Plymouth Cty. v. Merscorp, Inc., 774 F.3d 1155, 1160 (8th Cir. 2015) (motions for leave to amend "should be freely given in order to promote justice"). Denial of a motion to amend "is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." Hillesheim v. Myron's Cards & Gifts, Inc., 897 F.3d

9

953, 955 (8th Cir. 2018) (citation omitted). An amendment is futile if it "could not withstand a motion to dismiss under Rule 12(b)(6)." Id. (citation omitted).

As it stands, this Court is inclined to grant HydraAssist leave to file an amended complaint. The request to amend was not in bad faith, futile, unduly delayed, or prejudicial to the defense. However, because HydraAssist did not file its request to amend the complaint as a motion, the Defendants have not had reason to inform this Court of their position on amendment of the complaint.

### IV. Conclusion

For the reasons stated above, it is hereby

ORDERED that Defendant Big Frig, LLC's Motion to Dismiss, Doc. 16, is granted as to the original complaint, Doc. 1, though filing an amended complaint likely will be allowed so the case is not dismissed at this time. It is further

ORDERED that HydraAssist's request to amend complaint attaching the proposed amended complaint, Doc. 18-3, is deemed to be a motion for leave to amend complaint, the clerk of court is to flag it as such, and Defendants have 21 days from the filing of this Opinion and Order to respond on whether they object to the motion for leave to amend complaint.

DATED this 18th day of October, 2022.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE